IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COREY ANDERSON, #329743 | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-16-3920 |
| B. SHREAVES, COII | * | |
| OFC. BROYLES, COII[1] | | |
| ECI EMPLOYEE 4-12 PM SHIFT | * | |
| Defendants. | * | |

*****

## **MEMORANDUM**

Pending is a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by CO II Matthew Broyles.[2] Plaintiff Corey Anderson has opposed the motion. The Court has considered all pleadings and finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Court grants Defendant's motion for summary judgment.

### **Background**

Corey Anderson asserts that on April 5, 2016, while confined at the Eastern Correctional Institution (ECI), Correctional Officers Shreaves and Broyles assaulted him while he was on "lock up," and thereafter both officers made false statements to cover up their wrongdoing. ECF No. 1, p. 4. As to the purported assault, Anderson asserts that Shreaves twisted his arm "as if he was trying to break my arm through the slot," and while this was going on, Broyles was "stabbing him with the lock key." As a result, Anderson claims that he suffered severe damage to his

---

[1] The correct surname of this defendant shall be entered on the docket.

[2] Service of process was refused as to Co-Defendant CO II Bryan Shreaves. The Office of the Maryland Attorney General indicates that Shreaves was deployed abroad with U.S. Coast Guard and on extended military leave. ECF No. 21-1, p. 1, n. 1; ECF No. 21-4, Shumaker Decl. All claims are dismissed as to Shreaves.

shoulder and hand. ECF No. 1, p. 4. As relief, Anderson seeks compensatory damages and $100,000.00 in punitive damages. *Id*.

Broyles has submitted the following evidence by way of sworn declaration and other records generated at the time of the incident involving Anderson. On April 5, 2016, Broyles was assigned to ECI, Housing Unit #4, during which time he observed Officer Shreaves escorting Anderson back to his cell from the medical department. As Shreaves was removing Anderson's handcuffs, Anderson grabbed Shreaves' left forearm. Anderson then ignored several direct orders to release his grip on Shreaves' forearm. ECF No. 21-3, Broyles Decl., ¶¶ 3-5.[3] When Anderson failed to comply, Broyles maintains that he immediately began to assist Shreaves with releasing Anderson's grip, "using Department of Public Safety and Correctional Services (DPSCS) Correctional Officer training defensive tactics." *Id*., Broyles Decl. ¶ 6. Broyles observed that Shreaves pried Anderson's fingers and pulled his thumb back slightly so that Anderson would release his grip, which "occurred in a matter of a few seconds." *Id*. At the time, Broyles attests that Anderson did not complain of any injury or pain. Broyles also affirms that at no time during the incident did he use lock keys to break Anderson's grip. *Id*., Broyles Decl. ¶¶ 7 & 8.

A Serious Incident Report (SIR) was prepared regarding this incident. The SIR described that Anderson's cell was being searched while Anderson was at medical. Upon return, Anderson indicated that he was displeased at the cell search and stated, "You're not getting these cuffs back." Anderson then said to Shreaves, "you can have the cuffs" and he backed up to allow Shreaves to take the handcuffs off. As Shreaves removed the handcuffs through the food slot, Anderson spun around and grabbed Shreaves' left arm. Broyles assisted Shreaves in breaking Anderson's hold, which allowed Shreaves to remove his arm from the slot. Anderson was then

---

[3] All cites to the docket refer to the electronic pagination.

placed in handcuffs, removed from the cell, and evaluated by medical for small abrasions and pain in his right shoulder. *Id*. During his medical evaluation, nurse Vickers notes that she was called to assess a use of force incident during which "inmate states his arm got caught in the hole in the door." ECF No. 21-8.

Anderson was also placed on Staff Alert Level I Status and later escorted to Housing Unit #4B-1, where he was subjected to a monitored strip search. *Id*. at pp. 2, 5, 8, 13-15. & 18-19. Photographs were taken of Anderson and Shreaves. Anderson was ultimately found guilty of an infraction for disobeying direct orders and disrespect towards an officer and received 45 days of segregation as a sanction. *Id*., pp 20 - 23: *see also* ECF No. 21-9, pp. 1-12.

Anderson has filed his Complaint pursuant to 42 U.S.C. § 1983, asserting that Defendants used excessive force when the officers assaulted him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Broyles now moves to dismiss Anderson's claim or alternatively for summary judgment, arguing that when construing the facts submitted most favorably to Anderson, he cannot demonstrate that the Officers used force disproportionate to bring Anderson into compliance. Anderson opposes the motion, asserting that Broyles has "lied" to cover up the event. ECF No. 23. Anderson also asserts that officers knowingly assaulted him outside they view of security cameras, and that IID failed to interview him in connection with its investigation. *Id*.

**Standard of Review**

The Court reviews this motion as one for summary judgment. Rule 56(a) of the Federal Rules of Civil Procedure provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This standard does not permit any factual

dispute to defeat the motion. "[T]he requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Of particular relevance in this case, "once motion for summary judgment is properly made and supported, the opposing party bears burden of showing, by means of affidavits or other verified evidence, that genuine dispute of material fact exists." *Bouchat*, 346 F.3d at 522 (quoting *Matsushita Elec. Indus. Co., LTD v. Zenith Radio Corporation*, 475 U.S. 574, 586-87 (1986)).

**Analysis**

Where, as here, a corrections officer is accused of using excessive force in violation of an inmate's Eighth Amendment rights, the inmate bears the burden of demonstrating that the officer's use of force exceeded that which was necessary to "maintain or restore discipline," as opposed to "maliciously and sadistically" cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In assessing whether the inmate has sustained his burden, the Court considers the need

for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *Wilkens v. Gaddy*, 599 U.S. 34 (2010).

It is undisputed that Anderson initially was upset that his cell had been searched and had refused to have his handcuffs removed. According to Broyles' sworn declaration, after Anderson's cuffs were removed, Anderson grabbed Shreaves by the forearm and Broyles applied force to Anderson's finger and thumb sufficient to make Anderson release his grip. Anderson was then subdued for officer safety. As a result, Anderson sustained minor abrasions.

Although Anderson asserts in his unverified Complaint that officers twisted his arm and stabbed him using a lock key, Anderson has marshalled no evidence in support.[6] Contrary to his claim, none of his medical records shows injury sustained by a key, or any injury beyond a minor scrape to his forearm and swelling and cuts to his hand around two of his fingers, and aggravation of a prior shoulder injury. The record further suggests that he may have reinjured his right shoulder. Without more, Anderson has failed to marshal sufficient evidence that would allow a trier of fact to find that the officers used more force than was necessary to protect staff and restore order. Put differently, the record evidence, when viewed in the light most favorable to Anderson, does not create a genuine disputed issue of fact as to his excessive force claim.

**Conclusion**

---

[6] Although the non-moving party may rely upon a verified complaint when allegations therein are based on personal knowledge, *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991), Anderson's complaint is not verified.

Defendant Broyles' dispositive motion will be granted. The complaint against Shreaves shall be dismissed without prejudice. A separate Order follows.


Date:    3/9/18                                    /S/                    
                                           Paula Xinis
                                           United States District Judge